[No. F063445. Fifth Dist. Nov. 8, 2012.]

THE PEOPLE, Plaintiff and Appellant, v.
UNITED STATES FIRE INSURANCE COMPANY, Defendant and
Respondent.

[No. F063451. Fifth Dist. Nov. 8, 2012.]

THE PEOPLE, Plaintiff and Appellant, v.
INTERNATIONAL FIDELITY INSURANCE COMPANY, Defendant and
Respondent.

[No. F063452. Fifth Dist. Nov. 8, 2012.]

THE PEOPLE, Plaintiff and Appellant, v.
FINANCIAL CASUALTY & SURETY, INC., Defendant and Respondent.

1424

**Counsel**

Kevin B. Briggs, County Counsel, and Michael R. Linden, Deputy County Counsel, for Plaintiff and Appellant.

No appearance for Defendants and Respondents.

**Opinion**

**LEVY, J.**—These consolidated appeals arise from bail bond forfeiture proceedings. In the three underlying matters, appellant, represented by the Fresno County Counsel, prevailed and the respective bail bonds were forfeited. Thereafter, appellant moved for an award of attorney fees as costs in each proceeding pursuant to Penal Code[1] section 1305.3. These motions were denied.

---

[1] All further statutory references are to the Penal Code unless otherwise stated.

█ Under section 1305.3, the county counsel shall recover, out of the forfeited bail money, the "costs incurred in successfully opposing a motion to vacate the forfeiture and in collecting on the summary judgment." Appellant contends that these recoverable costs should include attorney fees. According to appellant, attorney time is the only meaningful operating cost involved in opposing a bail bond motion and therefore section 1305.3 should be interpreted to provide for recovery of this cost.

The trial court correctly denied appellant's motions for attorney fees. Recoverable litigation costs include attorney fees only when the party entitled to costs has a legal basis, independent of the cost statutes, upon which to claim recovery of attorney fees. Here, no such independent legal basis exists. Rather, appellant urges us to interpret "costs" as including attorney fees in this context. However, we must assume that the Legislature used the term "costs" in section 1305.3 with full knowledge of the existing statutes and their judicial interpretations. Accordingly, the orders will be affirmed.

## DISCUSSION

Whether appellant can recover attorney fees under section 1305.3 is a matter of statutory interpretation. Accordingly, we review the trial court's orders de novo. (*Connerly v. State Personnel Bd.* (2006) 37 Cal.4th 1169, 1175 [39 Cal.Rptr.3d 788, 129 P.3d 1].)

When enacted in 1993, former section 1305.3 allowed "the applicable prosecuting agency" to recover costs incurred in successfully opposing a motion to vacate bail forfeiture. In 1994, section 1305.3 was amended to provide that "[t]he district attorney, county counsel, or applicable prosecuting agency, as the case may be, shall recover, out of the forfeited bail money, the costs incurred in successfully opposing a motion to vacate the forfeiture and in collecting on the summary judgment prior to the division of the forfeited bail money between the cities and counties in accordance with Section 1463."

Appellant argues that, in this context, "costs" includes attorney fees. Appellant acknowledges that bail bond proceedings are civil in nature (*People v. American Contractors Indemnity Co.* (2004) 33 Cal.4th 653, 657 [16 Cal.Rptr.3d 76, 93 P.3d 1020]) and that the general rule in civil litigation is that the term "costs" excludes attorney fees. Nevertheless, appellant posits that, because section 1305.3 is not a typical "fee shifting" statute, i.e., the amount is taken out of the forfeited bail, it must be read exclusively within the context of bail motions. Appellant further asserts that, because attorney time is the only meaningful operating cost in opposing a bail bond motion, any other interpretation renders section 1305.3 meaningless.

In construing a statute, the court's fundamental task is to ascertain the intent of the Legislature so as to effectuate the purpose of the law. (*Calatayud v. State of California* (1998) 18 Cal.4th 1057, 1064 [77 Cal.Rptr.2d 202, 959 P.2d 360].) To begin, the court examines the language of the statute, giving the words employed by the Legislature their usual and ordinary meaning. (*People v. Amwest Surety Ins. Co.* (1997) 56 Cal.App.4th 915, 919 [66 Cal.Rptr.2d 29] (*Amwest*).) When interpreting statutory language, the court may neither insert language that has been omitted nor ignore language that has been inserted. (*Id.* at pp. 919–920.) If the language is clear, no further statutory construction is necessary. (*Benson v. Kwikset Corp.* (2007) 152 Cal.App.4th 1254, 1279 [62 Cal.Rptr.3d 284] (*Benson*).) Only when the terms are subject to more than one reasonable interpretation may a court consider " 'extrinsic aids' " in construing the statute. (*Ibid.*)

"California follows the 'American rule,' under which each party to a lawsuit ordinarily must pay his or her own attorney fees." (*Musaelian v. Adams* (2009) 45 Cal.4th 512, 516 [87 Cal.Rptr.3d 475, 198 P.3d 560].) The measure and mode of compensation of attorneys is left to the agreement of the parties "[e]xcept as attorney's fees are specifically provided for by statute . . . ." (Code Civ. Proc., § 1021.)

Similarly, the right to recover costs is purely a creature of statute, and the applicable statute defines the extent of a party's right to recover costs. (*Benson, supra*, 152 Cal.App.4th at p. 1279.) Under Code of Civil Procedure section 1032, subdivision (b), a prevailing party is entitled as a matter of right to recover costs except as otherwise expressly provided by statute.

Code of Civil Procedure section 1033.5, subdivision (a)(10), provides that "attorney fees are 'allowable as costs under Section 1032' when they are 'authorized by' either 'Contract,' 'Statute,' or 'Law.' " (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 606 [71 Cal.Rptr.2d 830, 951 P.2d 399].) Accordingly, recoverable litigation costs can include attorney fees. However, the party entitled to costs must have a legal basis, independent of the cost statutes and grounded in an agreement, statute or other law, upon which to claim recovery of attorney fees. (*Ibid.*)

Under the plain language doctrine of statutory construction, we must give the word "costs" its usual and ordinary meaning both in legal and general usage. (*Benson, supra*, 152 Cal.App.4th at p. 1279.) "Costs" have been construed to mean those fees and charges that are required by law to be paid to the courts or some of their officers or an amount that is expressly fixed by law as recoverable as costs. (*Ibid.*) In contrast, the term "attorney fees" has been construed to mean the consideration that a litigant actually pays or becomes liable to pay in exchange for legal representation. (*Ibid.*)

Attorney fees and the expenses of litigation, whether termed costs, disbursements, outlays, or something else, are mutually exclusive. In other words, attorney fees do not include costs and costs do not include attorney fees. (*Hsu v. Semiconductor Systems, Inc.* (2005) 126 Cal.App.4th 1330, 1342 [25 Cal.Rptr.3d 82].)

■ Section 1305.3 provides for the recovery of "costs." There is no reference to attorney fees. Further, there is no authorization by contract, statute or law to allow attorney fees as costs in this context. We must assume that the Legislature used the term "costs" with full knowledge of existing statutes and their judicial interpretations. (*City of Los Angeles v. Abbott* (1933) 129 Cal.App. 144, 151 [18 P.2d 785].) We cannot insert the term "attorney fees" into section 1305.3 where, as here, it was omitted. (*Amwest, supra*, 56 Cal.App.4th at pp. 919–920.)

Relying on *Amwest, supra*, 56 Cal.App.4th 915, appellant asserts that case law supports interpreting "costs" under section 1305.3 as including attorney fees. Appellant notes that in *Amwest*, when the court reversed the trial court's order and reinstated the summary judgment on the bail bond, the court also reinstated the award to county counsel of $400 in costs. (*Amwest, supra*, at p. 926.) Although there is no indication of what those costs were, appellant argues that, because of the amount of the award, it must have included attorney fees. However, this is pure speculation on appellant's part. Accordingly, *Amwest* does not provide authority for appellant's position.

Appellant further argues that the legislative history for section 1305.3 supports awarding attorney fees as costs. This history primarily explains that the statute was amended to make clear that county counsel, while not technically a prosecuting agency, should be able to recover costs for successfully opposing the vacation of forfeiture before the money is divided between cities and counties. However, contrary to appellant's position, county counsel being given the ability to recoup some operating costs before the bail money is divided does not demonstrate a legislative intent to award county counsel attorney fees.

■ In sum, applying the rules of statutory construction and the law regarding the award of attorney fees as costs, we must conclude that an award of costs under section 1305.3 does not include attorney fees. Including attorney fees as costs in this context is a change that should be left to the Legislature.

## DISPOSITION

The orders are affirmed. No costs are awarded.

Wiseman, Acting P. J., and Detjen, J., concurred.