Filed 12/31/13  Yamtob v. Alon CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| JOHNNY YAMTOB, | B247453 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. BC469465) |
| v. | |
| ELIRAN ALON, | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Victor Chavez, Judge.  Affirmed in part and reversed in part.

Kaplan, Kanegos & Kadin, Jerry Kaplan and David Scott Kadin for Plaintiff and Appellant.

Calderone Law Firm and Vincent Calderone for Defendant and Respondent.

_____

Plaintiff and appellant Johnny Yamtob appeals from a judgment including awards of attorney fees and costs in favor of defendant and respondent Eliran Alon. Yamtob contends the contract sued upon did not provide for attorney fees, and costs should not have been awarded to Alon because Yamtob obtained a net monetary recovery at trial. We reverse the trial court's award of attorney fees and affirm the remainder of the judgment, including the award of costs to Alon.

## FACTUAL AND PROCEDURAL BACKGROUND

The parties to this appeal were once participants in a business arrangement to procure and sell diamonds. As the relationship between the parties began to deteriorate, Yamtob filed a complaint alleging causes of action for breach of contract and money had and received.[1] The contract sued upon is entitled "Personal Guarantee For Money To Buy Two Pieces Of Approximately 32 Carat And 15.80 Carat of Rough Diamonds" and states, in its entirety: "I Eliran Alon Received this Loan in sum of 71750$ in U S dollars and personally and jointly responsible for the obligations to pay back the entire amount to Mr. Johnny Yamtob's demand plus all the cost occurs. I promise to pay the entire amount by may of 2011." Alon cross-complained,[2] primarily seeking payment from Yamtob pursuant to various consignment memoranda under which Alon allegedly gave Yamtob diamonds to either sell or return to Alon. Alon's first amended cross-complaint stated causes of action for breach of oral and written contracts, conversion, accounting, and common counts for goods and services rendered, open book account, and account stated. After a bench trial, the court ruled: (1) Yamtob did not prove his claim for breach of contract against Alon; (2) Yamtob did prove he was entitled to recover $10,000

---

[1] Yamtob's complaint also named Simon Setton as a defendant. A default judgment was entered against Setton in the amount of $71,750. Setton is not a party to this appeal.

[2] Alon's cross-complaint also names Advanta Gems Corporation as a cross-defendant. Advanta is not a party to this appeal.

2

from Alon on the common count of money had and received; (3) Alon established he was entitled to recover $67,900.50 from Yamtob; (4) Yamtob was entitled to a default judgment in the amount of $71,750 against Simon Setton; and (5) costs of suit are awarded to Alon. Alon was ordered to submit a proposed judgment.

On December 19, 2013, Alon submitted a proposed judgment and filed a memorandum of costs as well as a motion for attorney fees and prejudgment interest. Yamtob filed an "Objection to Proposed Judgment" on January 2, 2013, and an opposition to the motion for attorney fees and prejudgment interest on January 15, 2013. Neither document addressed the memorandum of costs or the trial court's decision to award costs to Alon. Alon filed a reply brief on January 18, 2013. The court entered judgment, including attorney fees and prejudgment interest. Yamtob filed a timely appeal.

## DISCUSSION

### *No Designation of Reporter's Transcript*

Alon initially contends this court should refuse to reach the merits of Yamtob's arguments on appeal because he failed to designate a reporter's transcript. The issue of whether the contract sued upon contained an attorney fee provision does not require a reporter's transcript or suitable substitute. The contract is contained in the record, its contents are not in dispute, and we conduct a de novo review of its interpretation. (*Gil v. Mansano* (2004) 121 Cal.App.4th 739, 743 (*Mansano*); *Siligo v. Castellucci* (1994) 21 Cal.App.4th 873, 880.) We may decide an appeal based on a clerk's transcript alone if we find "an error which is manifest on the face of the record and which requires reversal." (*Cooper v. County of Los Angeles* (1975) 49 Cal.App.3d 34, 40.)

The issue of the award of costs, however, does require a reporter's transcript or suitable substitute such as a settled statement for effective appellate review. Yamtob's argument on appeal is that the trial court erred when it awarded costs to Alon, rather than

3

Yamtob, because Yamtob received a net monetary recovery. (Code Civ. Proc. § 1032, subdivisions (a)(4) & (b) [prevailing party, including party with net monetary recovery, entitled to recover costs].) But Yamtob never objected in his papers to the award of costs, and in the absence of a record of oral proceedings at trial, he cannot show that this issue has been preserved for appeal. "'"[A] reviewing court ordinarily will not consider a challenge to a ruling if an objection could have been but was not made in the trial court. [Citation.] The purpose of this rule is to encourage parties to bring errors to the attention of the trial court, so that they may be corrected." [Citation.] The critical point for preservation of claims on appeal is that the asserted error must have been brought to the attention of the trial court.' [Citations.] ' "It is unfair to the trial judge and to the adverse party to take advantage of an alleged error on appeal where it could easily have been corrected at trial. [Citations.]" [Citation.]' [Citation.]" *(DiPirro v. Bondo Corp*. (2007) 153 Cal.App.4th 150, 177-178.)

Nothing in the written record reflects any efforts by Yamtob to bring the purported error to the trial court's attention, despite ample opportunity to do so. Because Yamtob did not object in his opposition to the court's cost award, and he has not shown that he made an oral objection at the hearing on the motion, we deem the issue forfeited and decline to reach its merits on appeal.

***Standard of Review***

We review de novo the trial court's determination of the legal basis for an award of attorney fees. (*Sessions Payroll Management, Inc. v. Noble Construction Co.* (2000) 84 Cal.App.4th 671, 677.) We apply ordinary rules of contract interpretation to determine whether the contract entitles either party to attorney fees. (*Mansano, supra,* 121 Cal.App.4th at p. 743.)

4

*Award of Attorney Fees*

Yamtob contends that Alon cannot recover attorney fees under Civil Code section 1717[3] because there is no contractual provision for attorney fees.  We agree.  The trial court erred when it awarded attorney fees against Yamtob and in favor of Alon, because no contract or statute supports an award of attorney fees to either party.

"California follows the 'American rule,' under which each party to a lawsuit ordinarily must pay his or her own attorney fees."  (*Musaelian v. Adams* (2009) 45 Cal.4th 512, 516.)  A prevailing party may recover attorney fees only when they are authorized by statute or by the parties' agreement.  (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 607, fn. 4 (*Santisas*).)  A prevailing party is entitled to recover costs in an action or proceeding, but costs ordinarily do not include attorney fees unless authorized by statute or agreement.  (Code Civ. Proc., §§ 1021, 1032, subd. (b), 1033.5, subd. (a)(10); *Reynolds Metal Co. v. Alperson* (1979) 25 Cal.3d 124, 127 ["Unless authorized by either statute or agreement, attorney's fees ordinarily are not recoverable as costs."].)

"In any action on a contract, *where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract*, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."  (§ 1717, subd. (a), italics added.)  "The primary purpose of section 1717 is to ensure mutuality of remedy for attorney fee claims under contractual attorney fee provisions."  (*Santisas*, *supra*, 17 Cal.4th at p. 610.)  "Where a contract accords a right to attorney's fees to one party but not the other, . . . section 1717 creates a statutory reciprocal right to attorney fees in all parties to the contract."  (*Myers Bldg. Industries, Ltd. v. Interface Technology, Inc.* (1993) 13 Cal.App.4th 949, 968.)  The prevailing party may recover attorney fees under section 1717 even if it prevailed by demonstrating that the contract in

---

[3]  All further statutory references are to the Civil Code unless otherwise stated.

question is "inapplicable, invalid, unenforceable or nonexistent . . . ." (*Hsu v. Abbara* (1995) 9 Cal.4th 863, 870, quoting *Bovard v. American Horse Enterprises, Inc.* (1988) 201 Cal.App.3d 832, 842.)

If it is unclear whether a contract contains an attorney fee provision applicable to the dispute in question, "a prevailing defendant may recover attorney fees only if it can demonstrate that it would have been liable for fees if the plaintiff had prevailed. [Citation.]" (*Linear Technology Corp. v. Tokyo Electron, Ltd.* (2011) 200 Cal.App.4th 1527, 1538, discussing *M. Perez Co., Inc. v. Base Camp Condominiums Assn. No. One* (2003) 111 Cal.App.4th 456, 467 (*M. Perez*); see also *Brittalia Ventures v. Stuke Nursery Co., Inc.* (2007) 153 Cal.App.4th 17, 29 (*Brittalia Ventures*) [§ 1717 permits recovery of attorney fees "whenever the opposing parties would have been entitled to attorney fees under the contract had they prevailed"].)

Alon argues that Yamtob is "judicially estopped" from denying that the contract authorizes attorney fees because he claimed attorney fees under the same contract in his complaint, in answers to interrogatories, and in his opening argument at trial. Alon relies on *International Billing Services, Inc. v. Emigh* (2000) 84 Cal.App.4th 1175 (*International Billing Services*), where the Third District upheld an award of attorney fees based on an arguably ambiguous attorney fee provision on the ground that when a party asserts a right to attorney fees, the doctrine of judicial estoppel prevents that party from later arguing that the provision does not authorize attorney fees and therefore section 1717 does not apply. The court emphasized that its analysis "applies only where a party brings a breach of contract action and the contract contains some provision which the party asserts operates as a fees provision." (*Id*. at p. 1187.) The court rejected the appellant's argument that the prevailing party must first demonstrate that it would have been liable for attorney fees under the contract before section 1717 would authorize recovery. Instead, it broadly concluded: "Where a party claims a contract allows fees and prevails, it gets fees. Where it claims a contract allows fees and loses, it must pay fees." (*Id*. at p. 1190.)

6

However, the Third District later disavowed the broad rule stated in *International Billing Services*. In *M. Perez Co., supra,* 111 Cal.App.4th 456, the appellate court declined to follow its earlier decision in *International Billing Services*, explaining that the opinion "sweeps too broadly" to the extent it announced a rule making a losing party liable for attorney fees where the contract did not provide for attorney fees. (*Id* at pp. 465-470.) The logical outcome of the rule in *International Billing Services* would be that any party claiming a right to attorney fees on a contract—regardless of whether the contract language supported such a claim or not—would be liable for attorney fees if it lost. However, the opposing party would still have the right to contest the claim of attorney fees, arguing that the party initially claiming fees did so erroneously. Noting that section 1717 is "designed to assure fairness between the parties," the rule stated in *International Billing Services* "fails to serve this purpose by allowing attorney fees to one party where the other would not be entitled to them." (*M. Perez, supra,* at p. 469.) Instead, the court agreed with "many state court decisions refusing to apply estoppel against a losing party who sought attorney fees under circumstances where that party would not have been entitled to such fees had it prevailed." (*Id*. at p. 470.)

At least two subsequent cases from the Third District have reversed attorney fee awards, concluding that a court cannot award such fees under section 1717 if the contract sued upon does not provide for attorney fees. In *Bear Creek Planning Committee v. Ferwerda* (2011) 193 Cal.App.4th 1178 (*Bear Creek*), the plaintiff sued the area's planning committee for blocking his efforts to build on a vacant lot. The committee's regulations are binding on area property owners. (*Id*. at pp. 1180-1182.) The appellate court held that because the planning committee lacked authority to adopt an attorney fee provision as part of its regulations, the committee could not recover its attorney fees from the plaintiff, despite prevailing in the underlying litigation. (*Id*. at p. 1185-1187.) The committee argued that because the plaintiff asked for attorney fees if he prevailed, he was liable for attorney fees if he lost. Citing *M. Perez*'s disapproval of *International Billing Services*, the court explained that because plaintiff had not established his right to attorney fees—and could not establish such a right since the committee lacked authority

7

to adopt an attorney fee provision—the committee could not rely on section 1717 to make such a right reciprocal. (*Bear Creek, supra,* at pp. 1187-1188.) In *Brittalia Ventures, supra,* 153 Cal.App.4th at pages 28-31, the appellate court reversed the trial court's award of attorney fees because the contract sued upon did not contain any attorney fee provision.

The contract in this case does not "specifically provide[] that attorney's fees and costs . . . shall be awarded either to one of the parties or to the prevailing party . . ." as required for an award under section 1717. The personal guarantee simply states that Alon is obligated "to pay back the entire amount to Mr. Johnny Yamtob's demand plus all the cost occurs." Under California law, attorney fees are distinct from costs. (Code Civ. Proc. § 1021 [parties are entitled to their costs, but attorney fees are left to the agreement of the parties, unless specifically provided for by statute]; see, e.g., *Davis v. KGO-T.V., Inc.* (1998) 17 Cal.4th 436, 439 ["The 'costs' of a civil action consist of the expenses of litigation, usually excluding attorney fees"]; *People v. U.S. Fire Ins. Co.* (2012) 210 Cal.App.4th 1423 ["the general rule in civil litigation is that the term 'costs' excludes attorney's fees"].) "California case law has long recognized 'the usual and ordinary meaning of the words "attorney's fees," both in legal and in general usage, is the consideration that a litigant actually pays or becomes liable to pay in exchange for legal representation.' [Citations.] The definition of attorney's fees must be contrasted with the definition of 'costs,' which has been construed to mean '"those fees and charges which are required by law to be paid to the courts, or some of their officers' or an amount which is expressly fixed by law as recoverable as costs. [Citations.]' [Citations.] 'The "costs" of a civil action . . . usually exclud[e] attorney fees.' [Citation.]" (*Benson v. Kwikset Corp.* (2007) 152 Cal.App.4th 1254, 1279.)

Here, the contract only provided for costs, not attorney fees. There are no grounds on which the trial court could award attorney fees. Following the reasoning of *M. Perez, supra*, 111 Cal.App.4th at pages 465-470, because Yamtob would not have been entitled to attorney fees had he prevailed on his breach of contract claim, there is no basis for awarding Alon attorney fees under section 1717.

8

## DISPOSITION

The order for attorney fees is reversed. In all other respects, the judgment is affirmed. The parties are to bear their own costs on appeal.


KRIEGLER, J.


We concur:



TURNER, P. J.



O'NEILL, J.*