Filed 7/28/14  Quinn, Emanuel Urquhart & Sullivan v. Kurtin CA2/5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| QUINN EMANUEL URQUHART & SULLIVAN,<br><br>      Plaintiff and Respondent,<br><br>      v.<br><br>TODD KURTIN,<br><br>      Defendant and Appellant. | B250245<br><br>(Los Angeles County<br>Super. Ct. No. BS141596) |

APPEAL from orders of the Superior Court of Los Angeles County, William F. Fahey, Judge.  Affirmed.

Weintraub Tobin, Gary A. Waldron and Sherry S. Bragg for Defendant and Appellant.

Quinn Emanuel Urquhart & Sullivan, Christopher Tayback, Joseph Sarles and David Pennington for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant, Todd Kurtin, appeals from an arbitration and judicial award of attorney's fees in favor of plaintiff, the law firm of Quinn Emanuel Urquhart & Sullivan, LLP. Plaintiff represented defendant, a sophisticated businessperson, in litigation against a former business partner. Plaintiff and defendant entered into a contingency agreement concerning that representation. The agreement required binding arbitration if a dispute arose from the parties' relationship. The agreement also provided that plaintiff, if it prevailed, could recover compensation for the work by its employees in defending or prosecuting that dispute in arbitration or litigation. The dispute resulted in an arbitration award in favor of plaintiff which included attorney's fees incurred by its attorneys. The trial court confirmed the award. And the trial court granted plaintiff's request for fees incurred while litigating the confirmation proceedings.

Defendant only challenges the attorney fee awards returned by the arbitrator and the trial court. Defendant contends the arbitration award violates a fundamental public policy against pro se lawyers recovering their fees. In a similar vein, defendant contends the trial court could not award plaintiff its attorney fees litigating the confirmation proceedings. Given the broad language appearing in the attorney fee clause, defendant's contentions are unpersuasive. We affirm the orders under review in their entirety.

# II. BACKGROUND

## A. Plaintiff's And Defendant's Former Legal Relationship

Defendant and Bruce Elieff were equal business partners in a real estate development business. In October 2003, defendant retained plaintiff as counsel. Defendant sought to terminate the existing partnership with Mr. Elieff. Defendant initially retained plaintiff on an hourly basis. In April 2005, plaintiff requested the hourly

agreement be converted to a contingency basis. We will detail the pertinent provisions of the arbitration and attorney fee clauses later in our discussion.

On August 15, 2005, defendant and Mr. Elieff entered into a settlement agreement. The agreement called for payments to defendant in the amount of $48.8 million with a specific payment schedule. The agreement provided for defendant to seek a default if payment was not timely made. Defendant timely received approximately $22.8 million. However, Mr. Elieff failed to timely make his subsequent payments.

In December 2007, plaintiff ceased representing defendant. Defendant, through different counsel, filed suit against Mr. Elieff for breach of the settlement agreement. On December 5, 2008, defendant served an arbitration demand on plaintiff for legal malpractice and contract breach.

## B. Arbitration Proceedings And Awards

The arbitration agreement provides, "Any dispute regarding or arising out of our representation . . . will be resolved by binding arbitration under the Commercial Rules of the American Arbitration Association . . . before a single arbitrator appointed from the [American Arbitration Association's] Large Complex Commercial Case Panel." The arbitration was governed by both the procedural and substantive provisions of the Federal Arbitration Act. California law would govern any dispute or claim. The arbitration was bifurcated into two phases. Phase I concerned adjudication of the legal malpractice claim. Phase II concerned unconscionability, causation and damages. The hearing for phase I of the arbitration occurred on March 5 to March 8 and May 3 of 2012. Plaintiff represented itself using its own attorneys. On June 8, 2012, the arbitrator issued a partial award in favor of plaintiff which denied all of defendant's malpractice and contract breach claims.

On March 4, 2013, the parties argued the phase II issues of the arbitration. The April 2005 contingency agreement contains the following provision: "The prevailing party in any arbitration or litigation will be entitled to recover all attorneys' fees

3

(including if the firm is the prevailing party, the value of the time of all professionals in our firm who perform legal services in connection with the dispute, computed at their normal billing rates), all experts' fees and expenses and all costs (whether or not these costs would be recoverable under the California Code of Civil Procedure) that may be incurred in obtaining or collecting any judgment and/or arbitration award, in addition to any other relief to which that party may be entitled."

Defendant argued the fee clause was unconscionable. Defendant contended that it was against public policy for attorneys appearing in propria persona to recover their fees. On March 31, 2013, the arbitrator issued his phase II award. The arbitrator rejected defendant's unconscionability argument. Pursuant to the fee clause, the arbitrator awarded plaintiff $2,190,047.65 as reasonable attorney's fees for its successful defense against defendant's malpractice claim during phase I. The arbitrator rejected plaintiff's claims for fees and costs incurred during its defense in phase II of the arbitration. The arbitrator concluded the phase II defense was based on a contract and precluded recovery under Civil Code section 1717, subdivision (a) (section 1717).

## C. Judicial Proceedings Confirming The Arbitration Award

On April 22, 2013, plaintiff filed a petition to confirm both phase I and phase II arbitration awards. Plaintiff represented itself in the matter. On May 6, 2013, defendant filed his opposition to the petition. Defendant separately filed a petition to vacate the phase II award. Defendant argued the phase II award was contrary to public policy for the reasons specified during the arbitration. No issue was raised concerning the merits of the malpractice and contract breach claims. On May 29, 2013, the trial court denied defendant's petition to vacate and granted plaintiff's petition to confirm both arbitration awards.

On July 29, 2013, plaintiff filed a motion for attorney's fees for successfully confirming the arbitration awards. On September 6, 2013, defendant opposed the motion, again arguing it was against public policy to permit an attorney proceeding in propria

4

persona to recover attorney's fees. On October 7, 2013, the trial court granted plaintiff's motion for fees and entered judgment for $66,688. Defendant appeals from the confirmation of the phase II arbitration award and the judicial proceedings award of attorney's fees.

## III. DISCUSSION

### A. Failure To Provide Report's Transcripts Of Trial Court Proceedings

No reporter's transcripts of any trial court proceedings have been provided by defendant. On February 25, 2014, we directed the parties to brief whether the omission of a reporter's transcript or a suitable substitute warrants affirmance. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1295; *In re Kathy P.* (1979) 25 Cal.3d 91, 102.) In numerous situations, appellate courts have refused to reach the merits of an appellant's claims because no reporter's transcript of a pertinent proceeding or a suitable substitute was provided. (*Walker v. Superior Court* (1991) 53 Cal.3d 257, 273-274 [transfer order]; *Maria P. v. Riles*, *supra*, 43 Cal.3d at pp. 1295-1296 [attorney fee motion hearing]; *Ballard v. Uribe* (1986) 41 Cal.3d 564, 574-575 (lead opn. of Grodin, J.) [new trial motion hearing]; *In re Kathy P.*, *supra*, 25 Cal.3d at p. 102 [hearing to determine whether counsel was waived and the minor consented to informal adjudication]; *Boeken v. Philip Morris Inc.* (2005) 127 Cal.App.4th 1640, 1672 [transcript of judge's ruling on an instruction request]; *Vo v. Las Virgenes Municipal Water Dist.* (2000) 79 Cal.App.4th 440, 447 [trial transcript when attorney fees sought]; *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 [surcharge hearing]; *Hodges v. Mark* (1996) 49 Cal.App.4th 651, 657 [nonsuit motion where trial transcript not provided]; *Interinsurance Exchange v. Collins* (1994) 30 Cal.App.4th 1445, 1448 [monetary sanctions hearing]; *Null v. City of Los Angeles* (1988) 206 Cal.App.3d 1528, 1532 [reporter's transcript fails to reflect content of special instructions]; *Buckhart v. San Francisco Residential Rent etc. Bd.* (1988) 197 Cal.App.3d 1032, 1036 [hearing on Code Civ. Proc., § 1094.5 petition]; *Sui v.*

5

*Landi* (1985) 163 Cal.App.3d 383, 385-386 [motion to dissolve preliminary injunction hearing]; *Rossiter v. Benoit* (1979) 88 Cal.App.3d 706, 713-714 [demurrer hearing]; *Calhoun v. Hildebrandt* (1964) 230 Cal.App.2d 70, 71-73 [transcript of argument to the jury]; *Ehman v. Moore* (1963) 221 Cal.App.2d 460, 462 [failure to secure reporter's transcript or settled statement as to offers of proof]; *Wetsel v. Garibaldi* (1958) 159 Cal.App.2d 4, 10 [order confirming arbitration award].)  On this ground alone, the orders must be affirmed.

## B.  Overview

An arbitration award is not judicially reviewed except in certain enumerated instances.  (Code Civ. Proc., § 1286.2; *Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 12-13.)  Defendant argues the arbitrator had no power to award defendant its attorney's fees.  Thus, the award may be set aside pursuant to Code of Civil Procedure section 1286.2, subdivision (a)(4) because the arbitrator exceeded his powers in violation of a fundamental public policy.

Concerning violations of public policy, our Supreme Court has held:  "We recognize that there may be some limited and exceptional circumstances justifying judicial review of an arbitrator's decision when a party claims illegality affects only a portion of the underlying contract.  Such cases would include those in which granting finality to an arbitrator's decision would be inconsistent with the protection of a party's statutory rights.  [Citation.]  [¶]  Without an explicit legislative expression of public policy, however, courts should be reluctant to invalidate an arbitrator's award on this ground.  The reason is clear:  the Legislature has already expressed its strong support for private arbitration and the finality of arbitral awards in title 9 of the Code of Civil Procedure.  [Citation.]  Absent a clear expression of illegality or public policy undermining this strong presumption in favor of private arbitration, an arbitral award should ordinarily stand immune from judicial scrutiny."  (*Moncharsh v. Heily & Blase*, *supra*, 3 Cal.4th at p. 32; accord, *Pearson Dental Supplies, Inc. v. Superior Court* (2010)

6

48 Cal.4th 665, 680.) Courts of Appeal have held an arbitrator may exceed the scope of his power by issuing an award that violates an explicit legislative expression of public policy. (*Cotchett, Pitre & McCarthy v. Universal Paragon Corp.* (2010) 187 Cal.App.4th 1405, 1416-1417; *Jordan v. Department of Motor Vehicles* (2002) 100 Cal.App.4th 431, 443; *City of Palo Alto v. Service Employees Internat. Union* (1999) 77 Cal.App.4th 327, 338-340.) Whether an arbitration award exceeded the scope of the arbitrator's powers is reviewed on appeal de novo. (*Advanced Micro Devices, Inc. v. Intel Corp.* (1994) 9 Cal.4th 362, 376, fn. 9; *San Francisco Housing Authority v. Service Employees International Union, Local 790* (2010) 182 Cal.App.4th 933, 944 ["On appeal, we review de novo the superior court's order, but not the arbitrator's award."].)

C. Arbitration Award, Attorneys Appearing In Propria Persona
And Recoverable Attorney's Fees

Defendant contends the fee clause in his contingency agreement violates California's public policy against allowing lawyers proceeding in propria persona to recover attorney's fees. In other words, he contends that attorney's fees should never be recoverable by attorneys representing themselves. Defendant relies on the principles set forth in *Trope v. Katz* (1995) 11 Cal.4th 274, 278-284 (*Trope*) in support of his position. As we will explain, the present case involves a tort claim against plaintiff for legal malpractice. Section 1717 applies to fees incurred to enforce a contract. Here, there was indisputably a tort claim pursued against defendant. Thus, section 1717 did not apply. No doubt, there was a contract breach claim. But, defendant has failed to provide any documentation as to what occurred during the arbitration. Based upon the record provided, the trial court was duty bound to confirm the arbitration award for the following reasons.

*Trope* involved a client who retained a law firm to represent him in a marital dissolution proceeding. (*Trope, supra,* 11 Cal.4th at p. 277.) The client refused to pay and the law firm, representing itself, sued for contract breach. (*Id.* at p. 278.) The jury

7

returned a verdict partly in favor of the law firm. (*Ibid*.) The law firm then moved for an award of attorney's fees, which the trial court denied. (*Ibid*.) The Court of Appeal affirmed the order denying the law firm's attorney's fee motion. Our Supreme Court affirmed. (*Id*. at p. 277.) As noted by our Supreme Court, "The issue presented by this case is whether an attorney who chooses to represent himself . . . can nevertheless recover 'reasonable attorney's fees' under section 1717 as compensation for the time and effort expended and the professional business opportunities lost as a result." (*Id*. at p. 279.) Section 1717 provides, "*In any action on a contract*, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs." (Italics added.)

Our Supreme Court concluded the plain meaning, legislative intent and public policy underlying section 1717 precluded a recovery of attorney's fees by pro se attorney litigants. (*Trope*, *supra*, 11 Cal.4th at pp. 280-281, 284-286.) Our Supreme Court explained: "First, by its terms section 1717 applies only to contracts specifically providing that attorney fees 'which are incurred to enforce that contract' shall be awarded to one of the parties or to the prevailing party." (*Id*. at p. 280 [italics omitted]; *Xuereb v. Marcus & Millichap, Inc.* (1992) 3 Cal.App.4th 1338, 1342 ["By its terms . . . Civil Code section 1717 has a limited application. It covers *only* contract actions, where the theory of the case is breach of contract, and where the contract sued upon itself specifically provides for an award of attorneys fees incurred to enforce *that* contract."].) As noted, the attorney's fee clause here applies to all disputes between the parties.

Our Supreme Court held: "[T]he usual and ordinary meaning of the words 'attorney's fees,' both in legal and in general usage, is the consideration that a litigant actually pays or becomes liable to pay in exchange for legal representation. An attorney litigating in propria persona pays no such compensation." (*Trope*, *supra*, 11 Cal.4th at p. 280; see *People v. United States Fire Ins. Co.* (2012) 210 Cal.App.4th 1423, 1427.)

8

Additionally, our Supreme Court held: "The statute was designed to establish mutuality of remedy when a contractual provision makes recovery of attorney fees available to only one party, and to prevent the oppressive use of one-sided attorney fee provisions. [Citations.] If an attorney who is the prevailing party in an action to enforce a contract with an attorney fee provision can recover compensation for the time he expends litigating his case in propria persona, but a nonattorney pro se litigant cannot do so regardless of the personal and economic value of such time simply because he has chosen to pursue a different occupation, *every* such contract would be oppressive and one-sided." (*Trope*, *supra*, 11 Cal.4th at pp. 285-286; see *Sands & Associates v. Juknavorian* (2012) 209 Cal.App.4th 1269, 1282.) However, as noted, the issue before our Supreme Court was whether attorneys appearing in propria persona could recover attorney's fees under section 1717. (*Trope*, *supra*, 11 Cal.4th at p. 277; see *Roger Cleveland Golf Company, Inc. v. Krane & Smith, APC* (2014) 225 Cal.App.4th 660, 683, fn. 10.)

Our colleagues in the First Appellate District have held that section 1717 does not apply to a legal malpractice claim: "[A]lthough the parties had a contractual relationship, and appellant's claim for legal negligence arose from the relationship between them, which relationship was founded on a contract, the cause of action sounded in tort and was no more 'on the contract' than a claim for breach of fiduciary duty or for fraud involving a contract." (*Loube v. Loube* (1998) 64 Cal.App.4th 421, 430; see *Cussler v. Crusader Entertainment* (2012) 212 Cal.App.4th 356, 365-366 [same]; *Douglas E. Barnhart, Inc. v. CMC Fabricators, Inc.* (2012) 211 Cal.App.4th 230, 241 [same]; *Lockton v. O'Rourke* (2010) 184 Cal.App.4th 1051, 1071-1072 [same].) Defendant does not dispute that section 1717 is inapplicable to his legal malpractice claim.

Nonetheless, defendant argues the public policy rationale enumerated in *Trope* should apply here. We disagree. Our Supreme Court noted, "Although Code of Civil Procedure section 1021 gives individuals a rather broad right to 'contract out' of the American rule [that parties pay for their own attorney's fees] by executing such an agreement, these arrangements are subject to the restrictions and conditions of section 1717 in cases *to which that provision applies*." (*Trope*, *supra*, 11 Cal.4th at p. 279

9

[italics added]; see *Lockton v. O'Rourke, supra,* 184 Cal.App.4th at p. 1076 (*Lockton*).) Our Supreme Court clearly limited the application of *Trope* to situations in which section 1717 applied.

Defendant argues that our Supreme Court has extended *Trope* to other situations. Defendant relies on *Musaelian v. Adams* (2009) 45 Cal.4th 512, 517-520 (*Musaelian*). Our Supreme Court held Code of Civil Procedure section 128.7, which allowed for monetary sanctions, did not permit lawyers representing themselves to recover attorney's fees. (*Id.* at p. 514.) However, our Supreme Court noted: "Code of Civil Procedure section 1021 codifies the [American] rule, providing that the measure and mode of attorney compensation are left to the agreement of the parties '[e]xcept as attorney's fees are specifically provided for by statute.' [¶] Section 128.7 is such a statute." (*Musaelian v. Adams*, *supra*, 45 Cal.4th at p. 516; see Code Civ. Proc., § 1021["Except as attorney's fees are specifically provided for by statute, the measure and mode of compensation of attorneys and counselors at law is left to the agreement, express or implied, of the parties; but parties to actions or proceedings are entitled to their costs, as hereinafter provided."].) Thus the holding in *Musaelian* was limited to Code of Civil Procedure section 128.7. Our Supreme Court did not apply *Trope* to all attorney compensation agreements between the parties arising under Code of Civil Procedure section 1021.

The attorney's fee clause in the parties' agreement is subject to Code of Civil Procedure section 1021. As held by our colleagues in the First Appellate District, "It is quite clear from the case law interpreting Code of Civil Procedure section 1021 that parties may validly agree that the prevailing party will be awarded attorney fees incurred in any litigation between themselves, whether such litigation sounds in tort or contract." (*Xuereb v. Marcus & Millichap, Inc.*, *supra*, 3 Cal.App.4th at p. 1341; see *Brown Bark III, L.P. v. Haver* (2013) 219 Cal.App.4th 809, 818 [same]; *Maynard v. BTI Group, Inc.* (2013) 216 Cal.App.4th 984, 989-990.) The attorney's fee clause in the parties' contingency fee agreement clearly encompassed recovery of attorney's fees in any arbitration or litigation between the parties, including tort claims. And, if plaintiff prevailed, it could even recover compensation for the work done by its attorneys.

10

Defendant has failed to identify any applicable public policy reason to justify vacating the arbitrator's award of attorney's fees. Section 1717 does not apply to defendant's tort claim. And, Code of Civil Procedure section 1021 expressly permits the parties to contract for the recovery of attorney's fees.

### D. Judicial Proceedings

Defendant argues plaintiff is not entitled to recover attorney's fees for fees incurred during the confirmation proceedings in the trial court. As noted, plaintiff represented itself during the judicial confirmation proceeding. Defendant contends section 1717 applies in this instance because plaintiff seeks to enforce an award pursuant to a mandatory arbitration provision in the parties' contract. We review this issue de novo. (*Connerly v. State Personnel Bd.* (2006) 37 Cal.4th 1169, 1175 [de novo review of a trial court's award of attorney's fees "is warranted where the determination of whether the criteria for an award of attorney fees and costs in this context have been satisfied amounts to statutory construction and a question of law"]; *Ramon v. Count of Santa Clara* (2009) 173 Cal.App.4th 915, 920.)

Plaintiff contends that under Code of Civil Procedure section 1021, the parties agreed plaintiff could recover attorney's fees in arbitration or litigation, apart from section 1717. Plaintiff contends it is entitled to attorney's fees based on the broad terms of the fee agreement. Plaintiff relies on *Lockton*, *supra*, 184 Cal.App.4th at pages 1075-1076.

*Lockton* concerned a client who hired a law firm to provide legal representation. (*Lockton*, *supra*, 184 Cal.App.4th at pp. 1058-1059.) Plaintiff was the law firm in *Lockton*. The client later sued the law firm for legal malpractice. (*Id.* at p. 1059.) The law firm prevailed on demurrer against the client. (*Id.* at pp. 1059-1060.) The law firm then moved for attorney's fees under section 1717. The trial court in *Lockton* denied the attorney's fee motion. (*Id.* at p. 1060.) Presiding Justice Norman Epstein described the retainer agreement's attorney's fee clause: "The fee clause in the retainer agreement

11

provides: 'The prevailing party in any action or proceeding to enforce any provision of this agreement will be awarded attorneys' fees and costs incurred in that action or proceeding, *including, without limitation, the value of the time spent by QEUO&H attorneys to prosecute or defend such an action (calculated at the hourly rate(s) then normally charged by QEUO&H to clients which it represents on an hourly basis) . . . .*'" (*Id.* at p. 1075.) As can be noted, the attorney's fee clause in *Lockton* closely mirrors the one in the present case except here the reference is made to both litigation and arbitration.

Presiding Justice Epstein and his colleagues held the law firm was represented in the litigation by its own members. (*Lockton v. O'Rourke*, *supra*, 184 Cal.App.4th at p. 1075.) And the law firm was not entitled to fees under section 1717. (*Ibid.*) However, the fee clause was sufficiently broad to permit an award of attorney's fees under Code of Civil Procedure section 1021. (*Id.* at pp. 1076-1077.) Our Division Four colleagues concluded: "Based on the broad language of the fee clause, we conclude that Lockton agreed to pay Quinn Emanuel for the value of the time spent by attorneys in that firm to prosecute or defend an action based on the attorney-client relationship created by the retainer agreement. The trial court erred in denying fees to Quinn Emanuel. We remand to the trial court for a determination of the reasonable fees to which defendants Schirtzer and Quinn Emanuel are entitled." (*Ibid.*) We agree with our Division Four colleagues that the broad nature of the fee agreement, which extends to both arbitration and litigation, authorizes the fees awarded here. Any request by plaintiff for attorney fees on appeal shall be pursued pursuant to California Rules of Court, rules 3.1702(c)(1) and 8.278(c)(1).

12

## IV. DISPOSITION

The orders are affirmed.  Plaintiff, Quinn Emanuel Urquhart & Sullivan, LLP, shall recover its costs incurred on appeal from defendant, Todd Kurtin.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

TURNER, P. J.

I concur:

KRIEGLER, J.

13

MOSK, J., Dissenting


I dissent.

The issues for decision involve questions of law that we review de novo. There is no need for a reporter's transcript of the trial court proceedings. (See *Chodos v. Cole* (2012) 210 Cal.App.4th 692, 699.) Cases that have required a reporter's transcript have turned upon what actually transpired at a specific hearing before the trial court. Most of those cases raised issues of factual and evidentiary matters at those hearings. In most of the cases, the standard of review on appeal was either substantial evidence or abuse of discretion. In the other cases, the appellant claimed something occurred at the hearing. In some of the cases, the trial court's reported reasoning at the hearing was essential in determining if there was an abuse of discretion or whether discretion had been exercised. None of these scenarios is present here. That reporter's transcripts are not always needed is supported by California Rules of Court, rules 8.120(b) and 8.130(a)(4). If such reporter's transcripts are not necessary, this court should not add further financial burdens on appellants to obtain them.

In *Trope v. Katz* (1995) 11 Cal.4th 274, the Supreme Court held that an attorney who chooses to litigate in propria persona and thus does not pay, or incur liability to pay, for legal representation cannot recover reasonable attorney fees under Civil Code Section 1717. The court based this decision on the following: the language of the section that requires fees be incurred; awarding attorney fees to a pro se attorney would conflict with the purpose of Civil Code Section 1717, which was to establish mutuality of remedy and prevent the "oppressive use of one-sided attorney fee provisions;" and such an award would lead "to disparate treatment of pro se litigants on the basis of their occupation." (*Id.* at p. 285). The court also noted the policy of discouraging self-representation because of ethical and practical considerations. (*Id.* at page 292).

Thus, the Supreme Court concluded that the Legislature expressed a policy that attorneys who represent themselves not be able to recover attorney fees.   The court did not except from such a principle situations in which the attorney fees clause provides for such recovery.  In disagreeing with the court in *Lockton v. O'Rourke* (2010) 184 Cal.App.4th 1051, I conclude that the trial court should not have awarded attorney fees to the self-represented plaintiff law firm.

A different question arises over whether the arbitrator's award of attorney fees should be vacated as in excess of his jurisdiction.  An arbitrator's error in law is not necessarily subject to review.  (*Moncharsh v. Heily & Blase* (1992) 3 Cal.4th 1, 28).  An arbitrator exceeds his jurisdiction when he "issues an award that violates well-defined public policy."  (*Jordan v. Department of Motor Vehicles* (2002) 100 Cal.App.4th 431, 443).  The Supreme Court has stated that there is a public policy against allowing a self-represented attorney from recovering attorney fees.  And this public policy is the basis of the Legislature's enactment of Civil Code Section 1717.  Thus, the arbitrator exceeded his jurisdiction by awarding attorney fees contrary to public policy.

Accordingly, I would reverse the judgment awarding attorney fees and would remand the matter to the trial court to vacate that portion of the arbitration award awarding attorney fees.


MOSK, J.


2