Filed 1/30/24  Smith v. Guillosson CA2/2

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| GREGORY EDWARD SMITH,<br><br>    Plaintiff, Cross-defendant and Appellant,<br><br>    v.<br><br>JEAN-CLAUDE GUILLOSSON et al.,<br><br>    Defendants, Cross-complainants and Respondents. | B322717<br><br>(Los Angeles County Super. Ct. No. 19STCV33506) |

APPEAL from an order of the Superior Court of Los Angeles County, Malcolm H. Mackey, Judge.  Affirmed.

Gavrilov & Brooks, Bradley E. Jewett and Michael Coleman for Plaintiff, Cross-defendant and Appellant.

Law Offices of Robert F. Rubin and Robert F. Rubin for Defendants, Cross-complainants and Respondents.

_____

After prevailing on his own claims and successfully defending the cross-claims of respondents Jean-Claude Guillosson and Maureen Mansfield-Guillosson (the Guillossons), appellant Gregory Edward Smith (Smith) moved for attorney fees.  The trial court denied the motion, and Smith appeals.  Because Smith has not established a basis for an award of attorney fees, we affirm the court's order.

## BACKGROUND

I. *The Properties and the Easements*

This case involves two adjacent residential properties in the Hollywood Hills—one owned by Smith and one owned by the Guillossons.  Each property is subject to and benefits from an easement, which the parties refer to as the patio easement and the walkway easement.

As is relevant to the issues in this appeal, the patio easement provides that Smith "agrees to pay for any and all damage or damages including costs and expenses of defense which may occur to the real property."  Similarly, the walkway easement provides, in relevant part, that the Guillossons "agree[] to hold and save [Smith] harmless from any and all claims, liability and damages including costs and expenses of defense" arising from the use of the easement.[1]

II. *The Underlying Litigation*

When a dispute arose over the use of the easements, Smith sued the Guillossons.  The Guillossons filed a cross-action against Smith.

---

[1]     There appears to be no dispute between the parties that they are bound by the easements and that the claims and cross-claims all arise from the rights and obligations imposed by the easements.

A bench trial took place in July and August 2021. Smith prevailed on each of his claims and the cross-claims against him. In October 2021, the trial court entered judgment in Smith's favor.

III. *Smith's Motion for Attorney Fees*

In December 2021, Smith filed a motion seeking $502,155 in attorney fees[2] from the Guillossons pursuant to Civil Code section 1717 and Code of Civil Procedure sections 1021, 1032, and 1033.5. Smith argued, inter alia, that the language of the easements, to which he and the Guillossons were bound, entitled him to prevailing party attorney fees. The Guillossons opposed the motion.

IV. *Trial Court Orders*

The trial court heard Smith's attorney fees motion on March 30, 2022.[3] The court initially granted the motion, awarding Smith $462,714 in attorney fees. Later that day, however, the court issued a minute order explaining that, "[u]pon further consideration of the documents and argument from . . . [the] hearing," it would "set[] the matter for further hearing/reconsideration" and permit additional briefing from the parties.

After issuing a tentative ruling to deny Smith's motion for attorney fees, the trial court heard further argument on April 14,

---

[2]     The amount of fees sought included a $28,020 credit for monetary sanctions that were previously awarded to Smith against the Guillossons.

[3]     We were not provided reporter's transcripts of the March 30, 2022, hearing, or of the subsequent April 14, 2022, and June 10, 2022, hearings.

3

2022.  The court continued the matter and permitted the parties to submit another round of briefing.

The trial court held another hearing on June 10, 2022, at which it vacated its March 30, 2022, order granting Smith's motion for attorney fees and, instead, denied the motion in its entirety.  The court concluded that "there is no authorized basis for recovering any attorney[] fees[.]"  It "interpret[ed] the subject provisions [of the easements] to authorize indemnity-type relief, not attorney fees."

V.  *Appeal*

Smith filed a timely notice of appeal from the trial court's June 10, 2022, order denying his motion for attorney fees.

## DISCUSSION

Under the American rule, which California follows, each party to civil litigation must ordinarily pay its own attorney fees. (*Trope v. Katz* (1995) 11 Cal.4th 274, 278 (*Trope*).)  Code of Civil Procedure section 1021, however, "gives individuals a rather broad right to 'contract out' of the American rule by executing" an agreement allocating attorney fees.  (*Trope*, *supra*, at p. 279.) That agreement may be "express or implied[.]"  (Code Civ. Proc., § 1021.)

Smith contends that, as the prevailing party, he has a contractually based right to recover his attorney fees under the terms of the easements.

I.  *Standard of Review*

To determine whether Smith is entitled to attorney fees, we must interpret the language of the easements.  We do so de novo. (See *Parsons v. Bristol Development Co.* (1965) 62 Cal.2d 861, 865 ["It is . . . solely a judicial function to interpret a written instrument unless the interpretation turns upon the credibility of

4

extrinsic evidence"]; *Gil v. Mansano* (2004) 121 Cal.App.4th 739, 743 ["If the parties do not present extrinsic evidence to interpret the attorney fee provision of a contract, the appellate court determines de novo whether the contractual attorney fee provision entitles the prevailing party to attorney fees"].)

II. *Rules of Construction*

We apply settled rules applicable to contracts when interpreting the terms of the easements. (See *Laux v. Freed* (1960) 53 Cal.2d 512, 522–523 ["'[T]he rules applicable to the construction of deeds generally apply with full force and effect to instruments conveying easements or other similar rights or privileges[]'"]; *Pear v. City and County of San Francisco* (2021) 67 Cal.App.5th 61, 70 ["Deeds are interpreted in the same manner as contracts"]; see also *Christian v. Flora* (2008) 164 Cal.App.4th 539, 551 ["Contracts, in turn are writings to be construed in accordance with substantially the same canons of interpretation as statutes"].)

Our "fundamental goal . . . is to give effect to the mutual intention of the parties." (*Bank of the West v. Superior Court* (1992) 2 Cal.4th 1254, 1264.) "Such intent is to be inferred, if possible, solely from the written provisions of the contract. [Citation.] The 'clear and explicit' meaning of these provisions, interpreted in their 'ordinary and popular sense,' unless 'used by the parties in a technical sense or a special meaning is given to them by usage' [citation], controls judicial interpretation." (*AIU Ins. Co. v. Superior Court* (1990) 51 Cal.3d 807, 822.)

"Interpretive constructions which render some words surplusage, defy common sense, or lead to mischief or absurdity, are to be avoided. [Citations.]" (*California Mfrs. Assn. v. Public Utilities Com.* (1979) 24 Cal.3d 836, 844.)

III. *Analysis*

The easements do not contain the term "attorney fees" or any variation of that term. Smith nevertheless contends that both easements "provide in express and implied terms reciprocal attorney[] fee provisions . . . ." (Bolding omitted.) In support, he points to the language in the easements providing for "costs and expenses of defense" arising from the rights granted or reserved by the easements.[4] Smith argues that the term "expenses of defense" must mean "attorney fees."

We cannot agree with Smith's interpretation.

<u>First</u>, it is well-established that, "[i]n the absence of some specific provision of law otherwise, attorney fees and the expenses of litigation, whether termed costs, disbursements, outlays, or something else, are mutually exclusive, that is, attorney fees do not include such costs and costs do not include attorney fees. [Citations.]" (*Ripley v. Pappadopoulos* (1994) 23 Cal.App.4th 1616, 1626 (*Ripley*); accord, *People v. United States Fire Ins. Co.* (2012) 210 Cal.App.4th 1423, 1428; *Hsu v. Semiconductor Systems, Inc.* (2005) 126 Cal.App.4th 1330, 1342.) Smith's appellate briefs fail to grapple with this relevant authority and, tellingly, he cites no case that has equated the term "expenses of defense" with attorney fees. (See Cal. Rules of Court, rule 8.204(a)(1)(B) [appellate briefs must "support each point by argument and, if possible, by citation of authority"]; *Abir Cohen Treyzon Salo, LLP v. Lahiji* (2019) 40 Cal.App.5th 882, 888 ["We are troubled by . . . [the appellants'] failure to cite . . .

---

[4]     We need not delve into the differences between the language used in the patio easement and the walkway easement. Suffice it to say that both include the phrase "costs and expenses of defense."

6

directly applicable contrary authority anywhere in their briefs"].) Given "the clear distinction that has always been drawn between attorney fees and the expenses of litigation" (*Ripley*, *supra*, at p. 1626), we reject the contention that the easements contain express attorney fee provisions.

Second, we are unconvinced that "expenses of defense" is an implied attorney fee provision. "Implied terms are not favored in the law, and should be read into contracts only upon grounds of obvious necessity. [Citation.] A court may find an implied contract provision only if[:] (1) the implication either arises from the contract's express language or is indispensable to effectuating the parties' intentions; (2) it appears that the implied term was so clearly within the parties' contemplation when they drafted the contract that they did not feel the need to express it; (3) legal necessity justifies the implication; (4) the implication would have been expressed if the need to do so had been called to the parties' attention; and (5) the contract does not already address completely the subject of the implication. [Citations.]" (*In re Marriage of Corona* (2009) 172 Cal.App.4th 1205, 1222.)

Smith asserts, in conclusory fashion, that all of these criteria are satisfied here. But, he offers no extrinsic evidence to support his contention that the easements' drafters intended the phrase "expenses of defense" to include attorney fees. Instead, his assertion rests entirely on the canon against surplusage. (See Black's Law Dict. (11th ed. 2019), p. 1745 [defining "surplusage canon" as "[t]he doctrine that, if possible, every word and every provision in a legal instrument is to be given effect"].)

We disagree with Smith that, unless "expenses of defense" is construed to mean attorney fees, the phrase "costs and expenses of defense" is necessarily surplusage. It is possible that

7

the drafters of the easements intended to distinguish between and contract for the recovery of both statutorily "allowable" costs (Code Civ. Proc., § 1033.5, subd. (a)) and other litigation expenses "not allowable as costs" such as investigation expenses (Code Civ. Proc., § 1033.5, subd. (b)).

But even if excluding attorney fees renders the phrase "costs and expenses of defense" surplusage, "[t]he canon against surplusage is not absolute. [Citations.]" (*Sturgeon v. County of Los Angeles* (2015) 242 Cal.App.4th 1437, 1448.) "Canons of construction need not be conclusive and are often countered, of course, by some maxim pointing in a different direction." (*Circuit City Stores, Inc. v. Adams* (2001) 532 U.S. 105, 115.) We may "not rewrite any provision of any contract . . . for any purpose" (*Certain Underwriters at Lloyd's of London v. Superior Court* (2001) 24 Cal.4th 945, 968) and will not equate "expenses of defense" with attorney fees simply to avoid some possible redundancy in the easements.

Because the easements do not contain express or implied attorney fee provisions, it follows that we reject Smith's alternative argument that he is entitled to attorney fees under Civil Code section 1717. "Civil Code section 1717 . . . only comes into play where a contract specifically provides for attorney fees. 'The primary purpose of [Civil Code] section 1717 is to ensure mutuality of remedy for attorney fee claims under contractual attorney fee provisions.' [Citation.] It cannot be bootstrapped to provide for attorney fees for breach of a contract that has no attorney fees provision." (*Khajavi v. Feather River Anesthesia Medical Group* (2000) 84 Cal.App.4th 32, 63, fn. 16 (*Khajavi*).)

With no statutory or contractual basis for attorney fees, Smith's motion was properly denied. (See *Khajavi, supra,*

84 Cal.App.4th at p. 62 ["'In the absence of a statute authorizing attorneys' fees as an element of damages, or of a contract to pay such fees in event of the party's recovery, attorneys' fees paid by a successful party in an action are never recoverable against the unsuccessful party[]'"].)

All other issues are moot.

## DISPOSITION

The order denying Smith's motion for attorney fees is affirmed. The Guillossons are entitled to costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, J.
ASHMANN-GERST


We concur:



_____, P. J.
LUI



_____, J.
HOFFSTADT


9